UNITED STATES DISTRICT COURTS
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael V. Murphy,

Petitioner,

v.

United States of America,

Respondent.

Case Nos. 2:16–cv–560
2:05–cr–1(1)

Judge Michael H. Watson

Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On August 15, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") pursuant to Rule 4(b) of the Rules governing Section 2255 Proceedings recommending that this action be dismissed. ECF No. 60. Petitioner has filed an Objection to the R&R. ECF No. 61. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection ECF No. 61 is **OVERRULED**. The R&R, ECF No. 60, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner challenges his convictions made pursuant to the terms of his Plea Agreement on two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Petitioner asserts that, in view of *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), his convictions cannot stand because the residual clause of § 924(c) is constitutionally invalid, and the predicate offense for his convictions, *i.e.*, the commission of a Hobbs Act robbery offense under 18

U.S.C. § 1951, categorically fails to qualify as a crime of violence under the "force" clause of § 924(c)(3)(A). The Magistrate Judge recommended dismissal of Petitioner's claims as without merit or barred by the one-year statute of limitations of 28 U.S.C. § 2255(f).

Petitioner objects to the Magistrate Judge's recommendations. According to Petitioner, the United States Court of Appeals for the Sixth Circuit wrongly decided in *United States v. Taylor,* 814 F.3d 340, 375 (6th Cir. 2016) (rehearing *en banc* denied May 9, 2016), that *Johnson* does affect the constitutional validity of § 924(c)'s residual clause, because *Taylor* improperly employed a modified categorical approach, rather than a categorical approach, to determine whether a prior conviction qualified as "a crime of violence," which analysis, Petitioner contends, the United States Supreme Court subsequently rejected in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). Petitioner also again argues that the predicate crime for his § 924(c) convictions, *i.e.*, the Hobbs Act robbery, does not constitute a crime of violence under 18 U.S.C. § 924(c)(3)(A), because it categorically does not require violent conduct, but may be established, for example, through extortion or threats of violence to the property of another.[1]

---

[1] 18 U.S.C. § 1951 provides:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

Case Nos. 2:16–cv–560; 2:05–cr–1(1)

Petitioner further maintains that this latter claim is timely, in view of the Supreme Court's June 23, 2016, decision in *Mathis*.

Petitioner's arguments are not well-taken.

The Armed Career Criminal Act ("ACCA"), imposes a 15-year mandatory minimum sentence, *inter alia*, on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). "To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—*i.e.*, the offense as commonly understood." *Mathis,* 136 S. Ct. at 2247. In so doing, courts apply the "categorical approach," focusing solely on the elements of the crime of conviction

---

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

Case Nos. 2:16–cv–560; 2:05–cr–1(1)

and ignoring the particular facts of the case. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600-601 (1990)). However, where a statute lists elements in the alternative, defining multiple crimes, courts apply a "modified categorical approach," and may look "to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of" in order to determine whether a defendant's prior conviction qualifies as an ACCA predicate offense. *Id.* at 2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602). A prior crime qualifies as an ACCA predicate only if its elements are the same as, or narrower than, those of the generic offense. *Id.* at 2247.

In *Mathis*, referred to by the Petitioner, the Supreme Court considered an Iowa burglary statute that enumerated various factual means by which a defendant could commit a single element of the offense. *Id.* at 2249.[2] Significantly, the elements of the statute "cover[ed] a greater swath of conduct than the elements of the relevant ACCA offense," or generic burglary offense. *Id.* at 2251 (citation omitted). The Supreme Court held that the district court erred in applying a modified categorical approach in determining that Mathis' prior convictions for such offenses qualified as an ACCA predicate offense, stating that, where the elements of a state statute are broader than those of a listed

---

[2] For example, such would be the case where a statute "requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify." *Mathis*, 136 S. Ct. at 2249 (citations omitted).

Case Nos. 2:16–cv–560; 2:05–cr–1(1)

generic offense, the crime cannot qualify as an ACCA predicate regardless of the particular facts of the case. *Id.* Under these circumstances, therefore "even if [the defendant's] conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. . . . The itemized construction gives a sentencing court no special warrant to explore the facts of an offense, rather than to determine the crime's elements and compare them with the generic definition." *Id.*

Plainly, such are not the circumstances here. This case does not involve application of the ACCA or determination of whether Petitioner's prior convictions qualify as predicate offenses for his status as a career offender. Here, as discussed, Petitioner challenges the validity of his June 2006 convictions made pursuant to his guilty plea on two counts of carrying a pistol in violation of 18 U.S.C. § 924(c) during and in relation to his July 14, 2004, commission of Hobbs Act robbery crimes, wherein he admitted to taking approximately $238.00 from Ameristop and $100.00 from a Meijer Gas Station by means of actual and threatened physical violence. Indictment, ECF No. 1, PAGEID # 1-5. This Court has no need to resort to § 924(c)'s residual clause, because Petitioner admitted his guilt to offenses that qualified as a crime of violence under 18 U.S.C. § 924(c)(3)(A), *i.e.*, a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Moreover, in *Johnson*, the Supreme Court expressly noted that '[t]oday's decision does not call into question application of the Act to the four enumerated

offenses, or the remainder of the Act's definition of a violent felony.' " *Johnson*, 135 S. Ct. at 2563.

This Court does not agree that *Mathis* repudiates use of the modified categorical approach. *See United States v. Justice*, No. 1:09–cr–180, 2016 WL 4194376, at *3–4 (S.D. Ohio Aug. 9, 2016) (stating that *Mathis* "contains no repudiation of the modified categorical approach, but rather a continued endorsement."). The Sixth Circuit has continued to use the modified-categorical approach since the decision in *Mathis*. *See id.* at *4 (citing *United States v. Rafidi*, No. 15-4095, -- F.3d --, 2016 WL 3670273, (6th Cir. July 11, 2016).

The Court likewise finds unpersuasive Petitioner's argument that *Mathis* calls into doubt the Sixth Circuit's decision in *Taylor*, 495 U.S. at 600, holding that *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015) (which presumably constitutes the crux of Petitioner's claims in these proceedings), does not affect the continued viability of § 924(c)'s residual clause, on the basis that *Taylor* wrongly applied the modified categorical approach.

> *Taylor* was a direct appeal from convictions and a death sentence for carjacking resulting in death, kidnapping resulting in death, and using a firearm to commit murder while committing carjacking and kidnapping. 814 F.3d at 345. Taylor had argued that *Johnson 2015* compelled finding that § 924(c)(3)(B) was unconstitutionally vague. *Id.* at 375. The *Taylor* court noted that carjacking and kidnapping had been found to be "crimes of violence" under § 924(c)(3)(B), the residual clause of 924(c)(3), not the elements clause, which is § 924(c)(3)(A). *Id.* at 376.

Case Nos. 2:16–cv–560; 2:05–cr–1(1)

*United States v. Justice*, 2016 WL 4194376, at *3. Significantly, in *Taylor,* the Sixth Circuit distinguished the ACCA residual clause from that of 18 U.S.C. § 924(c)(3)(B), the statute at issue in these proceedings.

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Taylor*, 814 F.3d at 378. *Taylor* did not apply the modified categorical approach to reach its conclusion. *See United States v. Justice*, 2016 WL 4194376, at *3 (reaching same conclusion).

Further, as noted by the Magistrate Judge, "in numerous cases decided by the Supreme Court, the Sixth Circuit Court of Appeals, and several other Circuit Courts of Appeals, the fact that Hobbs Act robbery served as the predicate offense for convictions under 18 U.S.C. § 924(c)" has not been questioned. *See id.* at *5 (citing *Alleyne v. United States*, 133 S. Ct. 2151, 2155–56 (2013); *United States v. Maddox*, 803 F.3d 1215, 1217 (11th Cir. 2015); *United States v. McBride*, No. 14–1851, 2015 U.S. App. LEXIS 14885, at *1, 2015 WL 5004909 (3rd Cir. Aug. 24, 2015); *United States v. Richardson*, 793 F.3d 612, 617 (6th Cir. 2015); *United States v. Adams*, 789 F.3d 713, 713 (7th Cir. 2015); *see also* Case Nos. 2:16–cv–560; 2:05–cr–1(1)

*United States v. Mendez,* 992 F.2d 1488, 1491 (9th Cir. 1993) (noting that Hobbs Act robbery "indisputably qualifies as a crime of violence.").

Finally, and contrary to Petitioner's argument here, nothing prevented him from raising his claim that his Hobbs Act predicate offenses categorically do not constitute crimes of violence under § 924(c)(3)(A) long prior to the Supreme Court's decisions in *Johnson* and *Mathis*. *See United States v. Justice*, 2016 WL 4194376, at *2 ("This argument assumes the principles or precedents involved are timeless. They are not."). Such claim does not involve application of the residual clause at issue in *Johnson* or use of the modified categorical approach under the circumstances present in *Mathis*. Further, Petitioner does not refer to, and this Court is aware of no cases holding that *Mathis* is to be applied retroactively to cases on collateral review. Other courts have concluded to the contrary. *See, e.g., Dawkins v. United States*, No. 16-2683, -- F.3d --, 2016 WL 3854238, at *2 (7th Cir. July 15, 2016); *King v. United States*, No. 16-22261-CIV, 2016 WL 4487785, at *9 (S.D. Fla. Aug. 24, 2016).

For all of these reasons and for the reasons detailed by the Magistrate Judge, Petitioner's Objection, ECF No. 61, is **OVERRULED**. The R&R, ECF No. 60, is **ADOPTED**. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

*/s/ Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

Case Nos. 2:16–cv–560; 2:05–cr–1(1)